## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ANTONIO DEMARION COLEY                                                                          PLAINTIFF
ADC #92842

v.                                            5:19cv00113-BSM-JJV

WENDY KELLEY, Director,                                                                       DEFENDANTS
Arkansas Department of Correction, *et al*.

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Antonio DeMarion Coley ("Plaintiff"), in custody at the Wrightsville Unit of the Arkansas Department of Correction, filed a *pro se* Complaint under 42 U.S.C. § 1983. (Doc. No. 2.) He sued Arkansas Department of Correction ("ADC") Director Wendy Kelley, Transportation Officer Nevins, and University of Arkansas for Medical Sciences ("UAMS") doctor Curtis Lowery. (*Id*. at 1-2.) Plaintiff alleges violations of his rights in connection with his fall from a transport van upon arrival at UAMS Jones Eye Clinic for surgery. (*Id*. at 6-7.) He seeks damages. (*Id*. at 17.)

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff was transported from the Wrightsville Unit to the UAMS Jones Eye Clinic for surgery on April 11, 2016. (Doc. No. 2 at 6.) A female inmate was in the front of the transport van; a cage separated the female inmate's seat from Plaintiff's seat. (*Id*.) The female inmate exited the van first, stepping down while assisted by a Sergeant Harris who placed a stool under the exit and supported her with a hand on her back and shoulders. (*Id*.) After the female inmate was on the ground and several feet away, Plaintiff began to make his way out of the van. He was shackled and cuffed at the time. First, he struggled to fit through the cage because of his size. (*Id*. at 6, 9.) After clearing the cage, Plaintiff was at the van door and then fell out. (*Id*. at 7.) As a result of his injury, his leg was cut and later became swollen. (*Id*. at 7-8.) He had his surgery as planned on April 11 and afterwards returned to the Wrightsville Unit.

Plaintiff alleges his fall was Defendant Transportation Officer Nevins's fault because he did not move the stool under Plaintiff's feet after placing it to assist the female inmate, all in

violation of ADC protocol.  (Doc. No. 2 at 7.)  He also claims Defendant Kelley failed to train Defendant Nevins on proper protocol and UAMS failed to have instructions and staff available upon his arrival to ensure inmates' safety.  (*Id.*)

Plaintiff sued Defendants under 42 U.S.C. § 1983.  To state a claim for relief under section 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right.  *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff made no specific allegations against Defendant Lowery.  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Further, after careful review of Plaintiff's Complaint, no potential cause of action against Defendant Lowery/UAMS is readily apparent.  Plaintiff's claim against Defendant Lowery should be dismissed.

Plaintiff's official capacity claims against Defendants Kelley and Nevins are barred by Eleventh Amendment immunity, as both Defendants are officials of the State of Arkansas.  *Nix v. Norman*, 879 F2d 429, 431-32 (8th Cir. 1989).

Plaintiff's allegations against Defendants Kelley and Nevins in their personal capacities fail to state a claim on which relief may be granted.  In his Complaint, Plaintiff explains that

4

"[Defendant] Nevins negative/negligence actions is exactly what caused my incident . . . ." (Doc. No. 2 at 8.) In a grievance attached to Plaintiff's Complaint, he similarly explains "[t]his grievance is concerning transportation sgt. neglect of job performance resulting in causing me to fall off the ADC transportation van door." (*Id*. at 11.) "Mere negligence is not sufficient to support a cause of action under § 1983." *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993). Plaintiff contends Defendant Nevins did not follow ADC protocol. That allegation does not save his claim because prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *Phillips v. Norris*, 329 F.3d 844, 847 (8th Cir. 2003). Even liberally construing Plaintiff's Complaint, I cannot determine which constitutional right Defendant Nevins is alleged to have violated.

Plaintiff's failure to train claim against Kelley could result in supervisor liability if Plaintiff established that the failure "actually caused" a constitutional violation, among other things. *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir. 2016) (internal citation omitted). Here, though, Plaintiff's Complaint has not identified a constitutional violation on Nevins's part. Plaintiff's failure to train claim against Kelley, in turn, cannot succeed.

To the extent Plaintiff alleged medical indifference, that claim would fail. Plaintiff's Complaint and its attachments reveal the Wrightsville Unit's infirmary was contacted ahead of Plaintiff's arrival and he was treated upon returning to the prison. (Doc. No. 2.) Nothing in Plaintiff's pleadings indicates deliberate indifference.

As I recommend the dismissal of all claims over which this Court has original jurisdiction, I also recommend the Court decline to exercise jurisdiction over any state-law claims. *Johnson v. City of Shorewood, Minn*., 360 F.3d 810, 819 (8th Cir. 2004).

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.The Court decline to exercise jurisdiction over any state-law claims.

3.Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

4.The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 5th day of April 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."